## THE ESTATE OF PACKER v. CORLETT.

1. **Estates of Decedents: FEES OF CLERK.** Under § 3787 of the Code, the clerk is entitled to only three dollars for all services performed by him in the settlement of an estate which does not exceed three thousand dollars in value; all fees taxed by him in excess of that sum in such a case are illegal.

*Appeal from Clayton Circuit Court.*

### FRIDAY, MARCH 11.

THIS case involves the question as to the legality of certain fees taxed by the defendant, who is clerk of the circuit court of Clayton county, said fees having been taxed in the course of the settlement of the estate of O. Packer, deceased. The circuit court held that the fees were illegal, and the defendant appeals.

*J. Larkin*, for appellant.

*A. Chapin*, for appellee.

ROTHROCK, J.—The value of the estate did not exceed $3,000, and the clerk taxed the costs for the settlement thereof at $9.40. The amount was made up of several items, including a fee for the order appointing the administrator, another fee for filing and approving the administrator's bond, another item for the commission issued to the administrator, and fees for an application to sell real estate, etc. The administrator contends that all these items of fees are unauthorized by law, and the circuit court so held. The amount in controversy involves less than $100, and we acquire jurisdiction of the appeal by the following certificate of the trial judge: "In an estate of which the value does not exceed $3,000, and no complete record has been made, in which a will has been duly admitted to probate, the certificate of the clerk and the seal of the court as to said probate duly attached, an administrator duly appointed, whose

bond was duly filed with said clerk, approved and recorded, a commission of appointment issued to said administrator, an order for publication of notice of appointment of administrator made, an application of said administrator to sell realty duly filed in said court, an order made that said application should be heard at McGregor, and that notice of said hearing should be given, and said application was once continued by said administrator without affidavit, and said administrator duly filed with the clerk of said court a final report and petition for discharge,—is the clerk of said court authorized to charge or tax as costs a greater sum than $3 for all of said services, including the further services of approving the report, and granting the discharge of the administrator ?"

Section 3787 of the Code provides as follows: "There shall be paid to the clerk of the circuit court the following fees:    *    *    *    For all services performed in the settlement of the estate of any decedent, except where actions are brought by the administrator or against him, or as may be otherwise provided herein, when the value of the estate does not exceed three thousand dollars, three dollars. *    *    *"

It appears to us that this statute is so plain as to leave no room for doubt or construction. It fixes the clerk's charges or fees for all services in the settlement of an estate at a gross sum. It is useless to speculate as to what the legislature meant by such fees " as may be otherwise provided herein;" for, if this clause may be so enlarged as to refer to the whole Code, there is nothing therein authorizing the charging of the fees in question. It is true, section 3781 provides for fees for the clerks of the district and circuit courts for issuing and entering rules or orders, for approving bonds, etc., but it has no reference to the settlement of estates in the circuit court; and the best reason for so holding is that section 3787 makes special provision for fees in that behalf. The argument that the compensation provided by law

is not sufficient for the service performed can have no weight, because the rule is that public officers are entitled to such fees only as are specially authorized by law.

We think the circuit court correctly held that the fees for the settlement of the estate could not exceed three dollars.

AFFIRMED.